UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ELIZABETH KEWANDAWAHA,           )
                                 )   No. CV-05-323-CI
          Plaintiff,             )
                                 )   ORDER DENYING PLAINTIFF'S
v.                               )   MOTION FOR SUMMARY JUDGMENT
                                 )   AND GRANTING DEFENDANT'S
MICHAEL J. ASTRUE,               )   MOTION FOR SUMMARY JUDGMENT
Commissioner of Social           )
Security,                        )
                                 )
          Defendant.             )
                                 )

        BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 16, 18.)   Attorney Lora Lee Stover represents plaintiff Elizabeth Kewandawaha (Plaintiff); Special Assistant United States Attorney David Burdett represents Defendant.   The parties have consented to proceed before a magistrate judge.   (Ct. Rec. 6.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

        On October 8, 2002, Plaintiff protectively filed applications for disability insurance benefits and Social Security Income (SSI) benefits.   (Tr. 58.)   She alleged disability due to depression, post-traumatic stress disorder, multiple personality disorder, anger management, dissociative disorder, not otherwise specified, and dysthymic disorder, with an onset date of May 1996.   (Tr. 98.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   - 1

Benefits were denied initially and on reconsideration. (Tr. 34, 40.)  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ John Hood on February 15, 2005. (Tr. 368-99.)  Plaintiff, who was present and represented by counsel, testified.   Medical expert Anthony Delbert, Ph.D., testified and vocational expert Fred Cutler testified.  On February 22, 2005, the ALJ denied benefits, and the Appeals Council denied review.  (Tr. 25-27.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the hearing, Plaintiff was 27 years old with a one year old son.  (Tr. 382.)  She had a high school education and past work experience as a telemarketer and in-home care giver for her invalid mother.  She reported she had quit the telemarketer job after three months because her co-workers engaged in rude behavior.  (Tr. 384.) She testified she had physical problems with her right knee, but had not followed up with surgery as suggested in 1997.  She stated the problem was not so bad anymore.  She also testified she had problems with asthma, but had not used an inhaler for the past year.  (Tr. 385-86.) She described her emotional problems as depression and difficulty concentrating if there were more than five people in the room.  (Tr. 387.)  She no longer took anti-depressants because her doctor felt she no longer needed them, and counseling was stopped in August 2004, when her counselor reported there was nothing left to discuss.  (Id.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 2

1      **ADMINISTRATIVE DECISION**

2          At step one, ALJ Hood found Plaintiff had not engaged in

3      substantial gainful activity during the relevant time. (Tr. 24.)

4      At step two, he found Plaintiff had severe impairments of

5      mathematics disorder, anxiety disorder, nos otherwise specified

6      (nos), and personality disorder, nos, with cluster B features. (Tr.

7      21.) He also found she was morbidly obese. (Id.) At step three,

8      ALJ Hood determined Plaintiff's impairments, alone and in

9      combination, did not meet or medically equal one of the listed

10     impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4

11     (Listings). (Tr. 21-22.)  The ALJ found Plaintiff was less than

12     fully credible. (Tr. 222.)  At step four, he determined Plaintiff

13     had a residual functional capacity (RFC) for a wide range of medium

14     work, with moderate limitations in her "ability to sustain an

15     ordinary routine without special supervision; the ability to work in

16     coordination with or proximity to others without being distracted by

17     them; the ability to interact appropriately with the general public;

18     and the ability to respond appropriately to changes in the work

19     setting." (Tr. 22.)  Finding that these limitations did not rise to

20     the level of "complete inability to work," he concluded at step four

21     that she could perform past relevant work as a telephone solicitor

22     and home care giver. (Tr. 23.)  Proceeding to step five, and based

23     in part on vocational expert testimony, he made the alternative

24     finding that there were other jobs in the national economy that

25     Plaintiff could perform; therefore, she was "not disabled," as

26     defined by the Social Security Act. (Tr. 24.)

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 3

1

**STANDARD OF REVIEW**

2      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

3  court set out the standard of review:

4              A district court's order upholding the Commissioner's
         denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
5         211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
         Commissioner may be reversed only if it is not supported
6         by substantial evidence or if it is based on legal error.
         *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
7         Substantial evidence is defined as being more than a mere
         scintilla, but less than a preponderance.  *Id.* at 1098.
8         Put another way, substantial evidence is such relevant
         evidence as a reasonable mind might accept as adequate to
9         support a conclusion.  *Richardson v. Perales*, 402 U.S.
         389, 401 (1971).  If the evidence is susceptible to more
10        than one rational interpretation, the court may not
         substitute its judgment for that of the Commissioner.
11        *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
         Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

12

13              The ALJ is responsible for determining credibility,
         resolving conflicts in medical testimony, and resolving
         ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
14        Cir. 1995).  The ALJ's determinations of law are reviewed
         *de novo*, although deference is owed to a reasonable
15        construction of the applicable statutes. *McNatt v. Apfel*,
         201 F.3d 1084, 1087 (9th Cir. 2000).

16

17

**SEQUENTIAL PROCESS**

18      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

19  requirements necessary to establish disability:

20              Under the Social Security Act, individuals who are
         "under a disability" are eligible to receive benefits.  42
21        U.S.C. § 423(a)(1)(D).  A "disability" is defined as "any
         medically determinable physical or mental impairment"
22        which prevents one from engaging "in any substantial
         gainful activity" and is expected to result in death or
23        last "for a continuous period of not less than 12 months."
         42 U.S.C. § 423(d)(1)(A).  Such an impairment must result
24        from "anatomical, physiological, or psychological
         abnormalities which are demonstrable by medically
25        acceptable clinical and laboratory diagnostic techniques."
         42 U.S.C. § 423(d)(3).  The Act also provides that a
26        claimant will be eligible for benefits only if his
         impairments "are of such severity that he is not only
27        unable to do his previous work but cannot, considering his
         age, education and work experience, engage in any other

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 4

1   kind of substantial gainful work which exists in the
    national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus,
2   the definition of disability consists of both medical and
    vocational components.
3
        In evaluating whether a claimant suffers from a
4   disability, an ALJ must apply a five-step sequential
    inquiry addressing both components of the definition,
5   until a question is answered affirmatively or negatively
    in such a way that an ultimate determination can be made.
6   20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The
    claimant bears the burden of proving that [s]he is
7   disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
    1999). This requires the presentation of "complete and
8   detailed objective medical reports of h[is] condition from
    licensed medical professionals." *Id.* (citing 20 C.F.R. §§
9   404.1512(a)-(b), 404.1513(d)).

10  It is the role of the trier of fact, not this court, to resolve

11  conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence

12  supports more than one rational interpretation, the court may not

13  substitute its judgment for that of the Commissioner. *Tackett*, 180

14  F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

15  Nevertheless, a decision supported by substantial evidence will

16  still be set aside if the proper legal standards were not applied in

17  weighing the evidence and making the decision. *Brawner v. Secretary*

18  *of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If

19  there is substantial evidence to support the administrative

20  findings, or if there is conflicting evidence that will support a

21  finding of either disability or non-disability, the finding of the

22  Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-

23  1230 (9th Cir. 1987).

24                              **ISSUES**

25      The question is whether the ALJ's decision is supported by

26  substantial evidence and free of legal error. Specifically,

27  Plaintiff argues the evidence does not support the ALJ's RFC

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 5

findings, or the finding of past relevant work.  She also contends the credibility assessment is erroneous and the hypothetical question posed to the vocational expert was incomplete.  (Ct. Rec. 17 at 7-8.)

**DISCUSSION**

**A.   Credibility**

In his sequential evaluation, the ALJ found Plaintiff was "less than fully credible" and discounted her subjective statements concerning functional limitations.  (Tr. 22.)   When an ALJ finds the claimant's statements as to the severity of impairments and limitations is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations.  *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). The ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness, inconsistencies either in her allegations of limitations or between his statements and conduct, her daily activities and work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms.  *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan*, 169 F.3d at 600.  If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of

symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). However, a claimant's subjective complaints may be discounted "if inconsistencies in the record as a whole bring those complaints into question." *Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006). Evidence of a claimant's malingering, feigning or exaggerating symptoms is a valid basis for rejecting a claimant's testimony. *See Batson v. Commissioner of Social Security Administration,* 359 F.3d 1190, 1196 (9th Cir. 2004).

In assessing Plaintiff's credibility, the ALJ explained, "[t]he record is replete with examples of [Plaintiff's] exaggeration, distortion, and lying in order to get public assistance benefits based on a mental impairment, and then later, in an attempt to receive custody of her son, statements were made that she did not have a mental impairment and could not remember receiving such a diagnoses." (Tr. 22.) This reasoning is supported by substantial evidence in the record and, alone, is sufficient to support rejection of Plaintiff's claim of functional limitations. *See Batson, supra*. In addition, the ALJ referenced Dr. Forsyth's and Dr. Grubb's evaluations, which reported inconsistent statements by Plaintiff, as support for his credibility findings. (Tr. 22.)

The record shows that, as early as 1998, Dr. Forsyth noted possible malingering, based on Plaintiff's overstating symptoms, inconsistencies and lack of desire to pursue vocational rehabilitation or follow through with mental health recommendations. (Tr. 181-84.) In 2000, Dr. Forsyth noted Plaintiff's self-report required "careful consideration." (Tr. 184.) In his narrative, Dr. Forsyth reported Plaintiff contradicted herself regarding her

symptoms, and provided no hospital reports or medical treatment records to support allegations of assault and injury. (Tr. 184-86.) Objective test results indicated over-reporting and suspected malingering. (Tr. 187-88.) Intellectual and cognitive functioning were well within the average range and normal limits. (Tr. 188.)

In 2001, Pamela Ridgeway, Ph.D., Dr. Forsyth's associate, reported little change from prior evaluations and specifically noted that Plaintiff refused mental health treatment or medication. (Tr. 204.) She stated Plaintiff dropped out of vocational training, was not amenable to treatment and preferred to write poetry. (Tr. 204-205.) A failure to follow through with recommended treatment, and claimant's failure to assert a good reason for this failure, is a legitimate basis to impugn credibility. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *see also* 20 C.F.R. §§ 404.1530, 416.930.

In October 2001, Plaintiff also was evaluated by a Seattle psychiatrist, Carla Hellekson, M.D. (Tr. 206-09.) Plaintiff reported childhood abuse, sexual abuse, and binge drinking. (Tr. 206-07.) However, in April 2002, Plaintiff denied drinking alcohol. (Tr. 217.) In June 2003, David Grubb, M.D., evaluated Plaintiff and found no evidence of decompensation, no limits in her range of interests and concluded that she was comfortable in her current lifestyle. (Tr. 238.) He did not consider her a candidate for psychiatric treatment. (Id.) On medical review in August 2003, James Bailey, Ph.D., noted contradictions in her history and found Plaintiff not fully credible. (Tr. 256.) He reported there were no medical records to corroborate her reports of impairments and no medications prescribed for her alleged symptoms. In 2003, Dr.

Forsyth observed there were no medical reports to corroborate Plaintiff's reported brain trauma, headaches, hearing loss, confusion, memory problems, or knee and hip ailments. (Tr. 258.) Objective test results indicated Plaintiff's over-endorsement of distress reflected "faking bad." (Tr. 263.) Plaintiff indicated she was not interested in vocational training because it would jeopardize SSI eligibility. (Tr. 259, 263.)

In March 2004, Dr. Forsyth conducted an exhaustive psychological evaluation Plaintiff, and provided the overview of Plaintiff's condition relied upon by the ALJ in his credibility assessment. (Tr. 22, 264-279.) Dr. Forsyth found Plaintiff an unreliable informant, who denied many of the earlier self-reports from prior evaluations. Significantly, she admitted that she had told her counselors and the state what was needed to receive state benefits, and admitted that her reports were exaggerations but "didn't know it would come back to bite [her]." (Tr. 268.) She denied former reports of domestic violence with her significant other, prior reported rapes, reported self-cuttings, physical ailments, and drug abuse. When questioned about her prior admission of methamphetamine use daily for 18 months, she did not deny the use, but stated she had "forgotten" her methamphetamine history. (Tr. 270-73.) Dr. Forsyth also administered objective testing, the results of which were invalid or indicated exaggeration of physical and mental conditions. (Tr. 275.) Dr. Forsyth concluded Plaintiff "says whatever she needs to." (Tr. 277.)

The ALJ's reasons for discounting Plaintiff's allegations are "clear and convincing" and supported by reports from examining

medical professionals and Plaintiff's own admissions.  The ALJ did not err in finding Plaintiff not fully credible.

**B.   Step Four Findings**

At step four, the Commissioner makes RFC findings, and determines if a claimant can perform past relevant work.  Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion.  *Social Security Ruling (SSR)* 82-62.  This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920 (a)(4)(iv).  Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. *SSR* 82-61. In finding that an individual has the capacity to perform a past relevant job, the decision must contain among the findings the following specific findings of fact: a finding of fact as to the individual's RFC; a finding of fact as to the physical and mental demands of the past job/occupation; and a finding of fact that the individual's RFC would permit a return to his or her past job or occupation. *SSR* 82-62.

Step four requires specific findings on all three points sufficient "to insure that the claimant really can perform his past relevant work." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir. 2001); *see also SSR* 00-4p.  Evidence of the physical and mental requirements of a particular job may be found in the Dictionary of Occupational Titles (*DICOT*), other administratively recognized publications, or vocational expert testimony. *SSR* 82-61.

Vocational experts are used most often at an ALJ hearing.  *SSR* 00-4p.

Here, the ALJ made the following RFC findings:

> The claimant has the residual functional capacity for medium exertion.  She is morbidly obese.  Absent substance addiction issues,[1] she has moderate limitations in the ability to sustain an ordinary routine without special supervision; the ability to work in coordination with or proximity to others without being distracted by them; the ability to interact appropriately with the general public; and the ability to respond appropriately to changes in the work setting.

(Tr. 24.)

Plaintiff argues the limitations included in the ALJ's RFC

_____

[1] Where substance abuse/addiction is a consideration during the sequential evaluation, the Regulations implemented by the Commissioner require the ALJ to follow a specific two-step analysis. 20 C.F.R. §§ 404.1535(a), 416.935(a).  First, the ALJ must conduct the five-step inquiry without attempting to determine the impact of substance abuse/addiction.  If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits and there is no need to proceed with further analysis.  Id.  If the ALJ finds that claimant is disabled, and there is evidence of substance abuse, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled *absent the substance abuse*. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  Here, the ALJ did not find make a finding that Plaintiff was disabled or that substance abuse was a contributing fact material to a finding of disability; therefore, any reference to limitations "absent substance addiction issues" is unnecessary.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 11

assessment did not include all limitations supported by the record. Specifically, she asserts she is "clearly not capable" of working at a medium level because of her obesity and physical condition, but cites no evidence in support. (Ct. Rec. 17 at 9).[2] An independent review of the record reveals no medical evidence of a physical impairment that would cause significant exertional limitations. In support of Plaintiff's contention that her mental impairments prevent her from performing work, she references the opinions of examining psychologists. (Id. at 10). However, the ALJ properly discounted Plaintiff's self-reported limitations and discussed objective testing results that were consistently interpreted as invalid or indicating over-reporting. (Tr. 17, 19, 188-89, 273-75). The courts also have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints, as specific, legitimate reasons for disregarding an examining physician's opinion. *See Flaten v. Secretary of Health & Human Services*, 44 F.3d 1453, 1463-64 (9th Cir. 1995). The record documents that Plaintiff's self-reports were inconsistent and exaggerated, there was no medical evidence to corroborate her reports of physical ailments or prior assaults, and she did not follow through with treatment recommendations until necessary to regain custody of her son. (Tr. 184, 206-09, 258.)

---

[2] Medium work is defined as work involving lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 12

It is well settled that the RFC determination is the sole province of the Commissioner, and the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities." *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *SSR* 96-8p (RFC assessment is an administrative finding of fact reserved to the Commissioner); *SSR* 96-5p. The ALJ did not err when he adopted certain limitations opined by medical expert Dr. Delbert, who had reviewed the record in its entirety. (Tr. 23.) Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Andrews,* 53 F.3d at 1041. There is no requirement to include all the opinions of a medical expert, only those that are supported by the record in its entirety. Dr. Delbert's opinions that were relied upon by the ALJ are supported by the record, specifically Dr. Forsyth's evaluations, and the ALJ's credibility findings. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005)(credibility a legitimate factor to consider in evaluating medical evidence); *SSR* 96-8p (in assessing RFC, material inconsistences are considered and resolved by ALJ); *SSR* 96-7p (consistency of an individual's statements in the record considered a strong indication of credibility).

Referencing vocational expert testimony, the ALJ concluded Plaintiff, with the moderate limitations described, could return to her past work as a home care aide and telephone solicitor. (Tr. 23.) This finding is supported by vocational expert testimony that neither job requires working with a large number of people, more than occasional lifting of non ambulatory patients, or more than

limited decision-making of two or three steps.[3]  (Tr. 397, 399.)

Plaintiff challenges the ALJ's finding that her past work experience was "past relevant work," as defined by regulation, because the vocational expert testified her earnings were limited. (Tr. 393; Ct. Rec. 17 at 11.)  Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. *SSR* 82-61.  The vocational expert found the time frame worked was sufficient to learn those jobs and Plaintiff testified she performed the duties of a home care aide when in-home nurses were not there.  (Tr. 393.)  However, Plaintiff argues her earnings did not amount to substantial gainful employment.  As Defendant argues, this is because Plaintiff quit the job for reasons unrelated to any impairment claimed. (Ct. Rec. 19, at 9; Tr. 884.)  Under the regulations, the Commissioner will consider all evidence of work, because even if the work done was not substantial gainful activity, "it may show that you are able to do

---

[3]  The vocational expert testified: "clearly the telephone solicitor is well within the range of the -- as is the home health aide which was previously done.  Typically, home health aides do have to assist patients, but generally, they're *not moving nonambulatory*.  Nonambulatory patients typically have to be institutionalized."  (Tr. 397.)  (Emphasis added.)  The above emphasized language appears to be a transcription error or typo since in context, it appears the vocational expert opined that generally nonambulatory patients are in an institutional setting, whereas patients in a home setting needing assistance typically are ambulatory.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 14

more work than you actually did." 20 C.F.R. §§ 404.1571, 416.971.
Further, the vocational expert testified that the job of telephone
solicitor was within Plaintiff's capabilities, as was home health
aide as previously performed by Plaintiff. (Tr. 397.) If it is
assumed the ALJ erred in his step four determination, any error is
harmless, because the ALJ proceeded to step five, and found other
jobs Plaintiff could perform. The step four error does not negate
the validity of the ALJ's ultimate conclusion that Plaintiff could
perform work and was, therefore, not disabled. *Batson*, 359 F.3d at
1196.

C.   **Step Five Findings**

        At step five, the burden shifts to the Commissioner to show
that there are other jobs in the national economy that Plaintiff can
perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). At
the hearing, the ALJ posed the following hypothetical to the
vocational expert:

> [A] young lady, 20-27, completed high school in an
> appropriate school district and has some moderate
> depression, has a difficulty in learning the principles of
> mathematics and has some anxiety related disorders that
> would limit her in terms of being employed in -- with
> large groups of people. And with some personality
> disorder, but there are no problem symptoms in behavior or
> mental processes. Would have moderate difficulty in
> maintaining social functions. Otherwise there's no
> significant limitations. At times, and this is a
> redundancy of the social functions really, that there
> would be - - would have difficulty in maintaining routine
> or ordinary routine work without special supervision.
> Would be limited in making simple work-related decisions.
> Would have some problem in getting along with co-workers
> that would be identified as moderate. Maintaining
> socially appropriate behavior. . . . Respond
> appropriately to change in the workplace, she would have
> some difficulty again as a moderate problem. And I also
> think that we should include in this definition a capacity
> to do physical exertion or at least to medium, but is
> limited in some aspects because of large weight, her being

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 15

1   heavy.  I don't like the word obese, but I'm afraid it
2   applies here.

3   (Tr. 393-94.)

4       The vocational expert testified there are unskilled entry level
5   jobs that Plaintiff could perform: ticket salesperson, theater
6   usher, screen monitor, and teacher's aide.  (Tr. 23, 399.)

7       Plaintiff argues the hypothetical given by the ALJ was
8   incomplete and, therefore, the vocational expert's testimony was not
9   substantial evidence on which to base the step five finding. (Ct.
10  Rec. 17 at 12.)  However, an ALJ is not obliged to accept as true
11  restrictions propounded by Plaintiff's counsel.  *Magallanes v.*
12  *Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).  The hypothetical posed to
13  the vocational expert included the limitations in the RFC, which as
14  discussed above, is supported by substantial evidence. Further,
15  contrary to Plaintiff's argument, the ALJ's hypothetical reflects
16  the opinions Dr. Delbert, as well as those from other examining
17  psychologists.  In light of Plaintiff's impugned credibility and the
18  record in its entirety, substantial evidence exists that she was
19  capable of working.  The ALJ's step five determination that
20  Plaintiff could perform other work in the national economy is
21  affirmed.

22                        **CONCLUSION**

23      The ALJ's determination that Plaintiff is not disabled as
24  defined in the Social Security Act is supported by substantial
25  evidence in the record in its entirety and is free of legal error.
26  Accordingly,

27
28

1

**IT IS ORDERED:**

2      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16 )** is

3 **DENIED;**

4      2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is

5 **GRANTED;**

6      The District Court Executive is directed to file this Order and

7 provide a copy to counsel for Plaintiff and Defendant. Judgment

8 shall be entered for Defendant and the file shall be **CLOSED.**

9      DATED August 23, 2007.

10

11          _____S/ CYNTHIA IMBROGNO_____
               UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  - 17